William J. Driscoll et al., Appellants, *v.* Whitfield C. Hewlett, as Executor of Thomas Driscoll, Deceased, et al., Respondents.

**Will — gift to religious corporation in trust for care of testator's burial lot — validity thereof under Religious Corporations Law.**

A gift of a testator's residuary estate to a religious corporation, to use the income therefrom in caring for his burial plot in the cemetery connected therewith, is not void as involving perpetuity, by reason of the statute in force at the time of the testator's death (Religious Corporations Law, L. 1895, ch. 723, § 7), which authorized a religious corporation to receive real property for the purposes of a cemetery, and to take and hold any property in trust for the care and preservation of such cemetery or any lot therein.

The intent of the legislature in enacting the law of 1895, as it had been by the act of 1884, from the provisions of which it does not differ in any material respect, was to abrogate the rule against perpetuities in the case of gifts to religious corporations for cemetery purposes. It made the statute against perpetuities inapplicable in such cases, and validated grants, gifts, devises or bequests, inspired by a devotional or sentimental desire, through the medium of a trust, to provide for the perpetual care, improvement or embellishment of a burial ground.

*Driscoll* v. *Hewlett*, 132 App. Div. 125, affirmed.

(Argued March 24, 1910; decided April 26, 1910.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 30, 1909, reversing a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George V. S. Williams* and *John E. Walker* for appellants. The trust created by the second paragraph of the will of Thomas Driscoll is invalid, because it suspends the power of alienation beyond the statutory period of two lives in being. (*Williams* v. *Williams*, 8 N. Y. 525; *Tilden* v. *Greene*, 130

N. Y. 29.) The trust is not of the character contemplated by
or within the purview of the law of 1893, as it is neither
"religious, educational, charitable or benevolent" in its use.
(*Matter of Shattuck*, 193 N. Y. 446.)

*John Lyon* for Whitfield C. Hewlett, as executor, respond-
ent. The trust created by the second paragraph of the will
is valid and legal. (L. 1895, ch. 723; *Moore* v. *Moore*, 50
N. J. Eq. 554; *Hartson* v. *Elden*, 50 N. J. Eq. 522; *Green*
v. *Hogan*, 153 Mass. 462.) The trust is valid as one for
charitable purposes. (2 Perry on Trusts [5th ed.], § 706;
*Matter of Mauser*, 74 L. J. Ch. 95; *Swasey* v. *A. B. Society*,
57 Me. 523; *Jones* v. *Habershaw*, 3 Woods, 443; 107 U. S.
174.)

GRAY, J. This appeal presents the question of the validity
of a testamentary disposition of a testator's residuary estate.
The will was made in 1906 and is very brief. After direct-
ing the payment of debts and expenses, it gives all the residue
of the testator's estate "unto the Rector, Church Wardens
and Vestrymen of Trinity Church, Rockaway, in the County
of Queens, for the following use and purpose, to invest
and keep invested the same, and to collect the income derived
therefrom and devote it in caring for my burial plot in the
cemetery connected with said Church." The rest of the will,
merely, appoints an executor, and empowers and directs him
to sell the real estate. The will is rather an extraordinary
one in thus disposing of the testator's whole estate; but the
court is only concerned with the legality of the provision.
Some explanation may be afforded of the motive for making
it, in the fact that the testator left neither wife, child, nor
parent and that his estate, at the time of his death, was of
the value of $6,000. The donees of the residuary estate are a
religious corporation and the gift constituted a trust for its
administration, which, for involving perpetuity, would be
void, unless saved by some statute. A recent act has author-
ized trusts for the care of cemetery lots and has classified

them with charitable and benevolent uses; validating them, irrespective of indefiniteness of the beneficiaries, or of their perpetuity. (Laws of 1909, chap. 218). But, at the time when this will became operative, the gift could not be regarded as for a charitable use, which would be excepted from the law against perpetuities by chapter 701 of the Laws of 1893; inasmuch as the purpose of the testator was not charitable in any real sense. It was not directed to the benefit of the community, or of some portion of it. It relieved no one and was, simply, for the specific purpose of perpetually maintaining the testator's own burial plot. The gift, however, came within the provisions of chapter 723 of the Laws of 1895, which was in force at the time of the testator's death. That act, which is known as the "Religious Corporations Law," was a codification of the pre-existing law upon the subject of religious corporations. By its provisions a religious corporation was authorized to receive real property for cemetery purposes and to "take and hold any property granted, given, devised or bequeathed to it in trust to apply the same or the income or proceeds thereof, under the direction of the trustees of the corporation, for the improvement or embellishment of such cemetery or any lot therein, including the erection, repair, preservation or removal of tombs, monuments, gravestones, fences, railings or other erections, or the planting or cultivation of trees, shrubs, plants, or flowers" etc. (Section 7.) These provisions of the act did not differ, in any material respect, from those contained in a previous act passed in 1884 (Laws of 1884, chap. 198); but the learned justice, at Special Term, was of the opinion that a variation in language between the two acts was of some significance. At the conclusion of the section in the act of 1884, which empowered the corporation to receive such a gift upon trust, were the words "according to the terms of such grant, donation or bequest." It was thought by him that, while the act of 1884 would sustain the gift, notwithstanding its perpetuity, the omission of those words in the subsequent act of 1895 was significant of a legislative intent to authorize it, only, when

it did not create a perpetuity. In that view, he reached the conclusion that the testamentary gift in question was void. I think that the trial justice was in error and that he took quite too narrow a view of statutory provisions, which must, from the very nature of the permission, the continuing existence of the donee and the purpose of the trust, have contemplated perpetuity. The opinion of the Appellate Division, correctly, pointed out, when reversing his decision, that the omission of the words of the statute referred to was not entitled to the significance attributed to it. As Mr. Justice MILLER, speaking for that court, observed " the words omitted appear to be surplusage; for, obviously, the trustees must take and hold ' according to the terms of such grant, donation or bequest,' if at all."

Plainly, the legislative intent, in enacting the law of 1895, as it had been previously by the act of 1884, was to abrogate the rule against perpetuities in the case of gifts to religious corporations for cemetery purposes. Practically, the effect of the enactment was to add to the express trusts authorized by law. It made the statute against perpetuities inapplicable in such cases and validated grants, gifts, devises, or bequests, inspired by a devotional, or sentimental, desire, through the medium of a trust, to provide for the perpetual care, improvement, or embellishment, of a burial ground. Unless such a construction be given to the statute as to permit of a perpetual trust, to be administered through its instrumentality, it would have little value.

I advise the affirmance of the order appealed from and, under the stipulation, that judgment absolute should be rendered against the appellants, with costs in all courts.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Order affirmed, etc.